UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22406-CIV-HUCK/O'SULLIVAN

KEVIN G. LEWIS,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER OF DISMISSAL

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (D.E. # 26), filed May 12, 2006. Plaintiff has failed to respond to the Motion, timely or otherwise. Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act, Florida Consumer Collection Practices Act, and Telephone Consumer Protection Act. In the Motion, Defendant argues that there is no longer a live controversy in this action because Defendant has offered Plaintiff full statutory damages under the FDCPA of $1,000 (and an additional dollar) plus reasonable attorney's fees and costs.

An offer of judgment satisfying Plaintiff's entire demand divests a court of jurisdiction over the matter, and may be considered on a motion to dismiss. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). Such an offer divests a court of jurisdiction even if it is not accepted. *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). Thus, the full offer of judgment on Plaintiff's FDCPA claim renders that claim moot.

The TCPA provides a private right of action and states that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for injunctive relief or damages. 47 U.S.C. § 227(b)(3). The Eleventh Circuit has interpreted this portion of the statute to mean that state courts have exclusive jurisdiction over private TCPA actions. *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998) (joining Fourth and Fifth Circuits in holding that federal courts lack subject matter jurisdiction of private actions under the TCPA). As such, the Court cannot entertain Plaintiff's TCPA claim.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Having dismissed the FDCPA claim, and having no jurisdiction over the TCPA claim, the Court, in its discretion, chooses not to exercise jurisdiction over the FCCPA claim. Accordingly, it is hereby

ORDERED that claims under the FDCPA are Dismissed with prejudice, and claims under the TCPA and FCCPA are Dismissed without prejudice to their being filed in state court. The Defendant shall, within 10 days, remit $1,001 to Plaintiff as per Defendant's offer of judgment. The Parties shall confer in an attempt to reach an agreement regarding the appropriate attorney's fees and costs, and file appropriate motions if agreement cannot be reached. The Court shall retain jurisdiction for this purpose. The clerk shall Close the case.

DONE and ORDERED in Chambers, Miami, Florida, June 9, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record